# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# JONESBORO DIVISION

TRAVIS YOUNG                                                    PLAINTIFF

v.                        No. 3:17-cv-334-DPM

BLYTHEVILLE POLICE DEPARTMENT, *et al.*            DEFENDANTS

## ORDER

1. Nancy Shain was robbed at the Blytheville Wal-Mart in December 2016. Travis Young ended up with one of her credit cards. A judge signed a warrant for his arrest. While that warrant was still outstanding, Dennis Moore was shot and killed in Blytheville. At the murder scene, officer Matt Huckabay noted that Young lived nearby. Eyewitness Terrica Williams later identified Young in a photo lineup. The same judge signed a warrant to arrest Young for capital murder.

The next day, Williams tried to recant her statement about Young, but Officer Huckabay ignored her. He told her that Young couldn't get away with another murder. Camiya Storey was also arrested for Moore's murder. After Huckabay pressured her, she also identified Young as the shooter. Young turned himself in that day, but claimed he was in Poplar Bluff when Moore was murdered. The next day, he was denied bail—the usual drill in Mississippi County in the face of a murder charge. Young had been charged with robbery of the Wal-Mart patron, as well as capital murder and other crimes involving Moore.

A few weeks later, in January 2017, officers obtained Young's cell phone records. They showed that he, or at least his phone, was in Poplar Bluff the day Moore was murdered. The murder and robbery charges remained on file, though. In March, Storey told her lawyer that she had been wrong: Young was not the shooter; another man was. Young's lawyer, however, didn't know about this recantation until August, some five months later. In September, Blytheville dropped the murder charge, Young pleaded guilty to a reduced charge of theft by receiving related to the Wal-Mart patron robbery, and the circuit court sentenced him to an agreed sentence of time served: about nine months. These are the pleaded facts, which the Court takes as true at this point. The Court has also considered the filed state-court records, № 22-1–22-6, because they're embraced by Young's first amended complaint.

2. Young claims that Blytheville, Officer Huckabay, and several other officers violated his constitutional rights by detaining him on bogus murder charges. *Manuel v. City of Joilet, Illinois*, 137 S. Ct. 911, 917 (2017). But any claim that he was detained without probable cause fails as a matter of law. Officers had probable cause to arrest Young for robbery. Blytheville's mishandling of the murder evidence against Young doesn't invalidate the probable cause for the robbery arrest. *Malady v. Crunk*, 902 F.2d 10, 11 (8th Cir. 1990).

Further, Young's challenge to his imprisonment for capital murder faces a legal bar. *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994). The time he served for theft by receiving—the robbery-related charge he eventually pleaded to as part of a deal—overlaps completely with the time he was detained for murder. Young argues that, if he hadn't been charged with murder, then the judge would have set bail and Young would have spent less time in custody. Perhaps. But Young's time in custody eventually became his time-served sentence for theft by receiving. Any successful challenge to his detainment would implicitly invalidate some of his agreed sentence for that charge. *Heck*, 512 U.S. at 487; *see also Newmy v. Johnson*, 758 F.3d 1008, 1011 (8th Cir. 2014). Because Young's § 1983 claim about his detention on the murder charge necessarily attacks his confinement on his theft conviction, his claim is barred.

\* \* \*

The Defendants' motion to dismiss, № 21, is granted. The Court declines to exercise jurisdiction over Young's related state-law claims. 28 U.S.C. § 1367(c)(3); *Anderson v. Franklin County, Missouri*, 192 F.3d 1125, 1131 (8th Cir. 1999). Young's complaint will be dismissed.

So Ordered.

*D.P. Marshall Jr.*
D.P. Marshall Jr.
United States District Judge

9 November 2018